**Reversed and Remanded and Majority and Concurring Opinions filed December 21, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00100-CV

---

### DENISE LONGORIA, Appellant

### V.

### CKR PROPERTY MANAGEMENT, LLC, Appellee

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2017-72827**

---

## C O N C U R R I N G   O P I N I O N

I concur in the court's judgment. I write separately to address an issue necessary to final disposition of this appeal.[1]

---

[1] *See* Tex. R. App. P. 47.1 (stating that "[t]he court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").

Appellant Denise Longoria argues that the trial court erred in deciding arbitrability issues because the parties to the arbitration agreement clearly and unmistakably agreed that the arbitrators — not the courts — should decide them. Pointing to this agreement, Longoria asserts that the trial court lacked authority to decide arbitrability issues — those going to the validity, scope, and enforceability of the arbitration agreement.[2] If successful, the argument would change the outcome of this appeal. Yet, the majority does not address it.

Under the Federal Arbitration Act, courts presume that parties to an arbitration agreement intend that courts rather than arbitrators decide arbitrability issues.[3] But parties may defeat this presumption by agreement.[4] Clear and unmistakable evidence that parties agreed to arbitrate one or more of the arbitrability issues rebuts the courts-decide-arbitrability-issues presumption and requires courts to allow the arbitrators to decide any arbitrability issue the parties delegated to the arbitrators.[5]

Courts have found clear and unmistakable evidence of an agreement to arbitrate arbitrability issues in different contexts. Some have held that unambiguous language in the arbitration agreement constitutes clear and unmistakable evidence of an agreement to arbitrate an arbitrability issue.[6] Under this line of cases, the agreement of Longoria and appellee CKR Property

---

[2] *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 519 (Tex. 2015).

[3] *See Jody James Farms, JV v. Altman Group, Inc.*, 547 S.W.3d 624, 631–33 (Tex. 2018).

[4] *See id.*

[5] *See id.*

[6] *See, e.g., Rent-A-Center West, Inc. v. Jackson*, 561 U.S. 63, 65–76, 130 S.Ct. 2772, 2775–81 (2010) (enforcing provision in stand-alone arbitration contract, in which the employee and the employer unambiguously agreed to arbitrate "any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable" because employee did not challenge the validity of this delegation provision in response to employer's reliance on this language in the trial court).

Management, LLC to arbitrate "all disputes about the validity of this arbitration clause" might amount to clear and unmistakable evidence of their agreement that arbitrators (not courts) should decide all issues as to the arbitration agreement's validity.[7]

The arbitration rules to which the parties agreed also impact the analysis. Though the Supreme Court of the United States has yet to address the issue, various federal courts of appeals, including the United States Court of Appeals for the Fifth Circuit, have held that an agreement by parties to arbitrate under rules providing that "[t]he arbitrator shall have the power to rule on . . . any objections with respect to the existence, scope or validity of the arbitration agreement" constitutes clear and unmistakable evidence of the parties' agreement that arbitrators, not the courts, should decide all arbitrability issues.[8]

Likewise, though the Supreme Court of Texas has not yet addressed the issue, various intermediate courts of appeals have concluded that if parties agree to a broad arbitration clause covering a wide variety of claims (such as "'[a]ny claim, dispute or other matter in question arising out of or related to' the contract"[9]) and if the parties also agree to arbitrate under rules giving the arbitrator the "power to rule on . . . any objections with respect to the existence, scope[,] or validity of the arbitration agreement" then this agreement constitutes clear and unmistakable

---

[7] *See id.*

[8] *See Petrofac, Inc. v. DynMcDermott Petr. Ops. Co.*, 687 F.3d 671, 675 (5th Cir. 2012). *Accord Oracle Am., Inc. v. Myriad Group, A.G.,* 724 F.3d 1069, 1074 (9th Cir. 2013); *Fallo v. High–Tech Inst.*, 559 F.3d 874, 878 (8th Cir. 2009); *Qualcomm Inc. v. Nokia Corp.,* 466 F.3d 1366, 1372–73 (Fed. Cir. 2006); *Terminix Int'l Co., L.P. v. Palmer Ranch Ltd. P'ship,* 432 F.3d 1327, 1332–33 (11th Cir. 2005); *Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208 (2d Cir. 2005).

[9] *See Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d 224, 229 (Tex. App.—Dallas 2010, pet. denied).

evidence of the parties' intent to have the arbitrators rather than the courts determine arbitrability issues such as the validity, enforceability, and scope of the arbitration agreement (the "*Saxa* Rule").[10]

In the Longoria-CKR Property arbitration agreement, the parties broadly agree to arbitrate "any claim or dispute between them or against the other or any agent or employee of the other, whether related to the employment relationship or otherwise." They also agree to arbitrate under the American Arbitration Association's "National Rules for the Resolution of Employment Disputes." If these rules provide that the arbitrator has the "power to rule on . . . any objections with respect to the existence, scope[,] or validity of the arbitration agreement" or something similar, then the parties' agreement to arbitrate under these rules and their broad arbitration agreement would be clear and unmistakable evidence of the parties' intent to have the arbitrators rather than the courts settle arbitrability issues such as the validity, enforceability, and scope of the arbitration agreement.[11]

On appeal in this court, Longoria asserts that the arbitration agreement requires that the arbitrators, rather than the court, settle any "disputes regarding arbitrability," a phrase that encompasses disputes as to the scope and enforceability of an arbitration agreement, as well as disputes regarding the agreement's validity.[12] Thus, Longoria argues on appeal that the scope, validity, and

---

[10] *See Trafigura Pte. Ltd v. CNA Metals Ltd*., 526 S.W.3d 612, 616–18 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Schlumberger Tech. Corp. v. Baker Hughes Inc*., 355 S.W.3d 791, 802-03 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d at 229–31.

[11] *See Oracle Am., Inc.,* 724 F.3d at 1074; *Petrofac, Inc.,* 687 F.3d at 675; *Fallo*, 559 F.3d at 878; *Qualcomm Inc.,* 466 F.3d at 1372–73; *Terminix Int'l Co., L.P.,* 432 F.3d at 1332–33; *Contec Corp.*, 398 F.3d at 208; *Trafigura Pte. Ltd*, 526 S.W.3d at 616–18; *Schlumberger Tech. Corp.*, 355 S.W.3d at 802-03; *Saxa Inc.*, 312 S.W.3d at 229–31.

[12] *See G.T. Leach Builders, LLC*, 458 S.W.3d at 519.

enforceability-of-the arbitration-agreement issues should go to the arbitrators, not the court.[13]  According to Longoria, the parties clearly and unmistakably agreed to arbitrate these arbitrability disputes.  In her appellate brief, Longoria cites to both the plain terms of the parties' agreement and the *Saxa* Rule cases.  Longoria argues that the trial court erred by deciding arbitrability issues because the trial court lacked any authority to do so.  The majority does not consider this argument.

If Longoria's argument has merit, then neither the trial court nor this court may determine the arbitrability issues, and the only issue would be whether CKR Property challenged the validity of the parties' agreement to have the arbitrators decide the arbitrability issues and possibly whether Longoria waived arbitration by substantially invoking the judicial process and thus causing prejudice to CKR Property.[14]  Conversely, if Longoria's argument lacks merit, then the trial court and this court may determine arbitrability issues such as whether the claims fall within the scope of the arbitration agreement and CKR Property's argument that "the Arbitration Agreement is no longer valid and does not apply to the pending claims."

Though Longoria's argument holds promise, as with nearly all appellate arguments, to be entitled to a merits analysis, the party relying on the arbitrator-should-determine-arbitrability-issues argument must have raised the point in the court below.  Because this complaint does not fall within the narrow scope of the fundamental-error doctrine recognized by the Supreme Court of Texas,[15] to get a

---

[13] *See id.*

[14] *See Rent-A-Center West, Inc.,* 561 U.S. at 65–76, 130 S.Ct. at 2775–81; *Haddock v. Quinn,* 287 S.W.3d 158, 171-75 (Tex. App.—Fort Worth 2009, pet. denied).

[15] *See In re B.L.D.,* 113 S.W.3d 340, 350–52 (Tex. 2003).

merits review, the appellant must have preserved error in the trial court.[16]

Longoria did not raise the complaint in the trial court:

- She did not argue that the parties had agreed to arbitrate any arbitrability issue.

- She did not assert or cite the *Saxa* Rule.

- She did not invoke the part of the Arbitration Agreement in which the parties agreed to arbitrate "all disputes about the validity of this arbitration clause."

- She did not address whether the American Arbitration Association's "National Rules for the Resolution of Employment Disputes" provide that the arbitrator has the "power to rule on . . . any objections with respect to the existence, scope[,] or validity of the arbitration agreement" or something similar.

- She did not provide the trial court with a copy of these arbitration rules or ask the trial court to take judicial notice of them.[17]

Longoria failed to preserve error.[18] So, her complaint affords no basis for merits review and no basis for this court to reverse the trial court's order.[19] In light of this waiver, the trial court and this court should decide the arbitrability issues.[20] Even though the judgment would be the same as the one the court reaches

---

[16] *See In re L.M.I.,* 119 S.W.3d 707, 711 (Tex. 2003); *VAPRO Supply, LLC*, 2018 WL 6517151, at *2 (holding party appealing denial of its motion to compel arbitration waived *Saxa* Rule by not raising it in the trial court).

[17] *See VAPRO Supply, LLC*, 2018 WL 6517151, at *2. Courts have held that for a party to successfully invoke the *Saxa* Rule, the party must offer the arbitration rules in evidence in support of the party's motion to compel arbitration or have the trial court take judicial notice of them. *See id.*; *Barantas Inc. v. Enter. Fin. Group Inc.*, No. 05-17-00896-CV, 2018 WL 3738089, at *6 n.2 (Tex. App.—Dallas Aug. 7, 2018, no pet.) (mem. op.).

[18] *See In re L.M.I.,* 119 S.W.3d at 711; *VAPRO Supply, LLC*, 2018 WL 6517151, at *2.

[19] *See In re L.M.I.,* 119 S.W.3d at 711; *In re B.L.D.,* 113 S.W.3d at 350–52; *VAPRO Supply, LLC*, 2018 WL 6517151, at *2.

[20] *See VAPRO Supply, LLC*, 2018 WL 6517151, at *2. Despite the waiver due to failure to preserve error, in one part of the majority opinion, the court relies on the parties' agreement to arbitrate all disputes about the arbitration agreement's validity. *See ante* at 6–7. In other parts of the majority opinion, the court determines arbitrability issues, such as the scope of the arbitration

today, the court should consider and dispose of the unaddressed argument, finding that waiver forecloses merits review.

/s/    Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Busby (Boyce, J., majority).

---

agreement.